IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs September 17, 2019

**STATE OF TENNESSEE v. DARCELL WRIGHT**

**Appeal from the Circuit Court for Montgomery County**
**No. 2016-CR-177     Jill Bartee Ayers, Judge**

**No. M2018-00574-CCA-R3-CD**

The Defendant, Darcell Wright, was convicted by a jury of voluntary manslaughter and aggravated assault as lesser-included offenses of first degree felony murder and especially aggravated robbery, respectively. The trial court imposed sentences of ten years for each conviction and ordered that these terms be served consecutively to one another, as well as consecutively to prior sentences of the Defendant's. On appeal, the Defendant, relying on principles of double jeopardy, contends that the trial court erred in failing to merge his sentences for voluntary manslaughter and aggravated assault. However, our review of the record reveals that the Defendant failed to raise this issue in a motion for new trial; thereby, waiving full appellate review. Additionally, we conclude that plain error review of the issue is not warranted. Accordingly, we affirm the judgments of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Circuit Court Affirmed**

D. KELLY THOMAS, JR., J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS, P.J., and CAMILLE R. MCMULLEN, J., joined.

Cleveland C. Turner, Clarksville, Tennessee, for the appellant, Darcell Wright.

Herbert H. Slatery III, Attorney General and Reporter; Garrett D. Ward, Assistant Attorney General; John W. Carney, Jr., District Attorney General; and Robert J. Nash, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

The victim in this case was shot by the Defendant on November 17, 2015, and the victim ultimately died from the gunshot wound he sustained to his abdomen. On February 1, 2016, a Montgomery County grand jury indicted the Defendant for first degree felony murder (committed in the perpetration of or attempt to perpetrate a

robbery); especially aggravated robbery (the victim's car keys); and unlawful possession of a firearm. See Tenn. Code Ann. §§ 39-13-202(a)(2); -13-403; -17-1307(b)(1)(A). A jury trial was held on January 22 through 25, 2018, and the Defendant was found guilty of the lesser-included offenses of voluntary manslaughter and aggravated assault,[1] both Class C felonies.[2] See Tenn. Code Ann. §§ 39-13-102; -211.

A sentencing hearing was held on March 21, 2018. The Defendant was sentenced as a Range II, multiple offender; his range classification was not disputed. The State argued that multiple enhancement factors applied to the Defendant and that, therefore, the trial court should impose the maximum sentence in the range and order the sentences to be served consecutively with one another, as well as to the Defendant's prior sentences. The State acknowledged that the jury found an element of provocation given their voluntary manslaughter verdict and that "a lot of the facts were hazy in this case."

Defense counsel began by stating that "[the Defendant's] record speaks for itself" but that "mitigating factors . . . were considered by the jury" in rendering their verdict. Relative to sentence alignment, defense counsel noted that the jury found that the Defendant acted under adequate provocation and argued that mitigating circumstances applied. According to defense counsel, the proof showed that the victim was engaged in selling drugs and that the victim "was the source" of the weapon that led to the victim's death. Defense counsel continued,

> The proof indicated that [the Defendant] was trying to get out of there without causing any further harm, and that's the reason he backed from the back of the car to the ditch line, a good deal across the yard itself, and that the victim followed him. And the only proof was that the victim charged him when he lost his balance when he stepped into the ditch.

Defense counsel submitted that for these reasons, the Defendant's effective sentence in this case should not "be stacked with" his sentences from prior convictions.

"[A]s far as these two counts being stacked" with one another, defense counsel averred that Tennessee Code Annotated section 40-35-115 did not "apply in the circumstances . . . in this case." Defense counsel maintained as follows:

---

[1] Here, the jury was charged with aggravated assault as intentionally or knowingly causing bodily injury to another and either (1) the act resulted in serious bodily injury or (2) the act involved the use or display of a deadly weapon.

[2] The disposition of the unlawful possession of a firearm charge is not apparent from the record.

I'll be arguing further, . . . at the new trial motion, if we have one, he was found guilty of two counts, agg[ravated] assault and voluntary manslaughter. I should have raised some issues at the time, but . . . these, we submit to the [c]ourt, for the [c]ourt to consider they're duplicitous; same elements in one as in the other one. That is the harm to an individual with the weapon. It takes exactly the elements to commit the voluntary manslaughter as it does the agg[ravated] assault. And the agg[ravated] assault is assaulting someone, which the manslaughter is [aggravated] assault is with a gun, and harm; that's what voluntary manslaughter is. And Your Honor added those on in your charge as included crimes. Your Honor, we could have put those under first degree murder or the capital murder, they would have fit just as well, because the elements are there.

Defense counsel concluded that "it would be extreme[] error to find [the Defendant] guilty of both of those and stack them, and stack them onto what he's got already."

The trial court first commented that the Defendant's merger issue was without merit because these "were two separate incidents, two separate events." Thereafter, the trial court sentenced the Defendant to consecutive terms of ten years for each of his convictions and ordered that the Defendant's effective twenty-year sentence be served consecutively to his prior sentences. Specifically with regard to consecutive sentencing, the trial court found that the Defendant had an extensive record of criminal activity, that he qualified as a dangerous offender, and that he committed the offenses while on probation. See Tenn. Code Ann. § 40-35-115(b)(2), (4), (6).

On March 26, 2018, five days after sentencing, counsel for the Defendant filed a notice of appeal to this court. A motion for new trial was never sought.

Thereafter, the appellate record was filed on July 19, 2018, and it consisted of only a technical record volume, a transcript of the sentencing hearing, and two volumes of exhibits. No trial transcript was included as required by Tennessee Rule of Appellate Procedure 24.

The sole issue presented for appellate review is whether the trial court committed error "by not merging the sentences" for the Defendant's voluntary manslaughter and aggravated assault convictions.[3] The Defendant relies upon double jeopardy principles espoused in Blockburger v. United States, 284 U.S. 299, 304 (1932), to support his argument that his two convictions shared "that same elements and arise from the same

---

[3] On August 13, 2018, counsel for the Defendant filed a motion for voluntary dismissal of the appeal, but he did not attach to the motion any signed waiver from the Defendant. Following several orders from this court directing responses from counsel and a substantial delay in response, counsel filed the Defendant's appellate brief on May 16, 2019.

transaction." The Defendant surmises that "the General Assembly did not intend for multiple punishments in this case."

The Defendant's merger issue is waived. Defense counsel indicated that he did not raise any double jeopardy issue at trial, and any issue of pursuant to Blockburger was not raised in a motion for new trial. Defense counsel commented that the issue would be raised in a motion for new trial if one were filed, but a motion for new trial was never sought. Instead, defense counsel filed a notice of appeal to this court. Accordingly, the Defendant has waived plenary review of this issue. See Tenn. R. App. P. 3(e) (treating issues "upon which a new trial is sought" as waived "unless the same was specifically stated in a motion for a new trial"); see also State v. Harbison, 539 S.W.3d 149, 164 (Tenn. 2018) (citations omitted) (concluding that in order to preserve his double jeopardy issue for review, the defendant needed to first raise the issue in his motion for new trial).

Furthermore, relief via plain error is unwarranted. See State v. Minor, 546 S.W.3d 59, 67 (Tenn. 2018) (outlining the five requirements to necessary for plain error relief). On review of a claimed violation of the double jeopardy clause, the Tennessee Supreme Court has determined the first inquiry to be whether the General Assembly intended multiple convictions to be permitted, and if so, the multiple convictions should be upheld. State v. Watkins, 362 S.W.3d 530, 556 (Tenn. 2012) (citing Blockburger, 284 U.S. 299). If the legislative intent is not clear, then, as a threshold question, we ask "whether the convictions arise from the same act or transaction," and if the offenses do not arise from the same act or transaction, then this ends the inquiry and multiple convictions are permitted. Id. at 556-57. If this threshold question is met, and the offenses did arise from the same transaction, "the question becomes whether each offense includes an element that the other does not—if so, there is a presumption that the General Assembly intended to permit multiple punishments; if not, the presumption is that multiple punishments are not permitted." State v. Feaster, 466 S.W.3d 80, 84 (Tenn. 2015) (citing Watkins, 362 S.W.3d at 557).

The State notes that the trial transcript is not included in the appellate record and submits that this failure waives any double jeopardy analysis. We agree with the State that we cannot make the initial determination of whether the convictions arise from the same act or transaction without the trial transcript. Nonetheless, even if this threshold question were answered affirmatively, the Defendant would still not be entitled to relief. A court analyzing the second prong of the Blockburger test "must examine the elements of the charged offenses in the abstract, as they are stated in the pertinent statutes, without regard to the specific facts in a given case." State v. Martin, 505 S.W.3d 492, 510-11 (Tenn. 2016). Because the Defendant's convictions for voluntary manslaughter and aggravated assault each contain elements that the other does not, ordering a trial transcript is unnecessary.

- 4 -

Our supreme court has specifically held that these offenses were not multiplicitous because aggravated assault and attempted voluntary manslaughter each require proof of a fact not required in proving the other. State v. Feaster, 466 S.W.3d 80, 87 (Tenn. 2015) (concluding that although the defendant's convictions for attempted voluntary manslaughter and aggravated assault (by causing serious bodily injury) arose out of the same incident, each of those offenses contains numerous elements that the other does not) (emphasis added)); see also State v. Rodney Lee Scott, No. E2015-01772-CCA-R3-CD, 2017 WL 568547, at *10 (Tenn. Crim. App. Feb. 13, 2017) (relying on Feaster and rejecting a multiple punishments argument in regards to convictions for attempted voluntary manslaughter and aggravated assault involving a deadly weapon); State v. Randall T. Beaty, No. M2014-00130-CCA-R3-CD, 2016 WL 6600148, at *27-29 (Tenn. Crim. App. Nov. 8, 2016) (opinion on remand) (holding "that reckless aggravated assault contains an element (serious bodily injury) not contained in the reckless homicide statute and that reckless homicide contains an element (killing) not required for a conviction for reckless aggravated assault"). The same rationale applies here. In addition, "[a]s to the final component of the Blockburger test, there is no evidence that the General Assembly intended to prohibit multiple punishments in circumstances such as these." Feaster, 466 S.W.3d at 87-88. Accordingly, the Defendant cannot establish that a clear and unequivocal rule of law has been breached. See Minor, 546 S.W.3d at 67.

To any extent that the Defendant's claim can be seen as a challenge to the consecutive alignment of his sentences, this issue likewise does not entitle him relief. The trial court noted that the twenty-five-year-old Defendant had a criminal history of "multiple violent offenses, mostly committed with firearms." The trial court further noted that the Defendant committed the offenses in this case while on release into the community. The record amply supports the application of Code section 40-35-115 factors (2) and (6) to the Defendant's sentences. Upon consideration of the foregoing and the record as a whole, the judgments of the trial court are affirmed.

_____

D. KELLY THOMAS, JR., JUDGE

- 5 -